GRANT v. WINN and others.

In stating the date of a promissory note it must be truly stated, and if the note bears no date, it may be alleged to have been made at any day ; and in that case, the words "bearing date," or "dated," being descriptive words, must be omitted.

Appeal from the Clay Circuit Court.

*Doniphan & Burnett for Appellants.*

1st. That the court erred in permitting the article of agreement to be read in evidence.

2d. That the court erred in overruling the motion of Grant, to set aside the finding of the court sitting as a jury, and grant a new trial.

3d. That the agreement was variant from the one set out in the declaration.   See 4 Starkie, 1598–9 ; 1589 1st Chitty's Pleadings.

*Wood for Appellee.*

1st. That there is no material variance between the writing as declared on, and the writing as given in evidence, the substance of the allegation being that the appellant promised to pay on the 25th Dec. 1840.   See Bell and Craig v. Scott, 3d vol. Mo. Rep. 212 ; Martin v. Miller, 3d vol. Mo. Reps. 135.

2d. That profert having been made, there ought to have been a *dem urrer*, and too late on the trial.

3d. The whole record shows the finding and judgment to have been right, and this court will not disturb it.

4th. The bill of exceptions only shows that the appellant objected to the introduction of the agreement, and does not show exception saved ; objection and exception are not the same.

*Opinion of the Court by Napton, Judge.*

The appellee sued Grant in assumpsit, upon a promissory note for $62 50.   The declaration averred, that on the 25th day of August, 1840, at, &c., defendant made his certain agreement in writing, dated the day and year aforesaid, and thereby then and there promised to pay, &c.   Upon the trial, the plaintiff offered in evidence a note, answering to the description of the declaration, except that it bore no date at all.   The defendant below objected to the note, but the court allowed it to go to the jury.   There was a verdict and judgment for plaintiff, motion for a new trial by defendant, and exceptions duly saved.

In stating the date of a promissory note, it must be truly stated ; and if the note bears no date, it may be alleged to have been made at any day ; and in that case, the words "bearing date," or "dated," being descriptive words, must be omitted.   1 Chitty's Plead., 258.   It is the opinion of

In stating the date of a promissory note it must be truly stated, and if the note bears no

SEPT'R TERM, this court that it was error to allow this note to go to the
 1841.    jury.

Grant
v.
Winn.

Judgment reversed and cause remanded.

date, it may be alleged to have been made at any day ; and in that case, the words "bearing date," or " dated," being descriptive words, must be omitted.