### Jacob H. Pierce *vs.* Lacy and Sheppard.

The writ constitutes a part of the record, and it is, therefore, unnecessary for a defendant to crave oyer of the writ as a preliminary to the presentation of a plea in abatement.

The writ being sued out in the names of A. and B., as partners under the firm name of A. & B., and the declaration being filed in the names of A. and B., without describing them as partners; *held*, that there was a fatal variance between the writ and declaration, which might be taken advantage of either by demurrer or plea in abatement.

Where an action of assumpsit is brought upon an instrument under seal, which is described in the declaration as a promissory note, the instrument should be rejected as evidence.   The action in such a case is misconceived ; it should be debt, and not assumpsit.

*Whittington* v. *Clark*, 8 S. & M. 480, and *McRaven* v. *McGuire*, 9 S. & M. 34, as to what constitutes a sealed instrument, cited and confirmed.

In error from circuit court of Noxubee county ; Hon. A. B. Dawson, judge.

The facts of the case, as presented by the record, are, that

the defendants in error sued the plaintiff in error, in the circuit court of Noxubee county, upon a promissory note under seal, otherwise called a bill single. ·The writ that issued upon the declaration filed, was sued out in the name of Samuel Lacy and Joseph G. Sheppard, partners in trade, under the firm and style of Lacy & Sheppard; but the declaration was filed in the name of Lacy and Joseph G. Sheppard, without any other description. The defendant below (Pierce) plead in abatement, alleging a variance between the writ and declaration. The court overruled the plea, from which decision of the court the defendant below (Pierce) prayed this writ of error.

*A. L. Dabney*, for plaintiff in error,
Cited 8 S. & M. 480 ; *McRaven* v. *McGuire*, 9 Ib. 34.

*Clayton, Harrison & Harris*, for defendant in error,
Cited 2 Tuck. Comm. 250 ; 2 Wash. 212 ; 2 Munf. 297 ; H. & Munf. 502 ; 4 Ib. 309.

Mr. Chief Justice SMITH delivered the opinion of the court.

Under the law of this state the writ constitutes a part of the record. *Officers of Court* v. *Fisk*, 7 How. 403 ; *Kibble & Morton* v. *Butler*, 14 S. & M. 207. Hence the defendant, in the court below, was not bound to crave oyer of the writ as a preliminary step to the presentation of a plea in abatement.

The writ in this case was sued out in the name of Samuel Lacy and Joseph G. Sheppard, partners in trade under the firm and name of Samuel Lacy and Joseph G. Sheppard. It is manifest that there was a material variance between the writ and declaration, for which the party here might have demurred or pleaded in abatement. He chose to take the latter course, and the plea should have been adjudged good.

The instrument sued on in this case was a written promise to pay money, signed by the party charged, opposite to whose name in the proper place for a seal there was a scrawl, within which was written the word " seal." According to the decisions in the cases of *Whittington* v. *Clark*, 8 S. & M. 480, and *McRaven* v. *McGuire*, 9 Ib. 34, the contract sued on was a sealed instrument, technically known as a bill single.

The action was misconceived. It should have been debt and not assumpsit. This, however, would have been no ground for ruling out the sealed instrument, when offered as evidence, if it had been properly described in the declaration. It was described as a promissory note simply, and not as a bill single or sealed instrument. It should therefore have been rejected.

Let the judgment be reversed, and the cause remanded with leave to amend.