THE STATE, Respondent, v. STEWART, Appellant.

1. An indictment for a felonious assault with intent to kill is not rendered defective by any omission to charge therein that the offence was committed "on purpose and of malice aforethought."
2. In an indictment for a felonious assault with intent to kill, the question of the intent of the accused is a question of fact for the jury; it may mislead them to instruct that the "law presumes that every man intends the necessary and probable consequences of his acts."

### Appeal from Laclede Circuit Court.

This was an indictment for a felonious assault with intent to kill. The defendant moved the court to quash the indictment because it was not alleged that the offence was committed on purpose and of malice aforethought. The motion

was overruled. At the trial, the court, among other instructions, gave the following: "The intention is incapable of proof; it can only be implied from overt acts; and the law presumes that every man intends the natural, necessary, and probable consequences of his acts; and if the jury believe from the evidence that the defendant assaulted Lennox with a deadly weapon, from which death might have ensued as a necessary, natural and probable consequence, they must find defendant guilty."

*Orr*, for appellant.

I. The court erred in overruling the motion to quash. The assault was not charged to have been made on purpose and of malice aforethought. There was no evidence of an assault with intent to kill. The walking-stick was not a deadly weapon. The instructions given were erroneous.

*Knott*, (attorney general,) for the State.

I. The indictment is good under the thirty-eighth section of the second article of the act concerning crimes and punishments. (R. C. 1855, p. 567; 9 Mo. 862; 19 Mo. 678; 22 Mo. 462.) Whether all the instructions are strictly correct or not, they were not calculated to mislead the jury. Taken altogether, they submitted the case fairly to the jury.

NAPTON, Judge, delivered the opinion of the court.

The indictment in this case is deemed sufficient under the thirty-eighth section of chapter fifty of the act concerning crimes and punishments.

We are not satisfied, however, that the instructions presented the law in such a shape to the jury as to enable them to understand their duty. None of the instructions, which are given, made any exceptions in favor of justifiable assaults; and this omission may have been right enough and produced no harm, if, in truth, there was no evidence in the case which rendered it necessary to present such a hypothesis to the jury.

But the instruction in reference to the intent of the defendant was calculated to mislead. The intent of the defendant in making the assault was a question of fact for the jury. The law raises no presumption about it, and it was error for the court to tell the jury that " the law presumes that every man intends the natural, necessary, and probable consequence of his acts."

With the concurrence of the other judges, the judgment is reversed, and cause remanded.