## A. R. CARTER vs. PRESTON & STETSON.

PRACTICE: PLEADINGS: *The declaration must describe the note sued on.*

P. & S. sued C. on a note, described in the declaration as executed in Jasper county, Mississippi, when in fact, the note was executed in Mobile, Ala. On the trial, objection was made to the reading of the note in evidence. *Held,* that the variance was fatal; the note dated and executed in Mobile was not the note described in the declaration. The general rule is, that the *allegata et probata* must agree. The place is material, because it is made so by the averments of the declaration by way of description. Where the place is alleged as a matter of description, and not as venue, it must in all cases be stated truly, and according to the facts, under peril of variance, if the matter should be brought into issue.

ERROR to the Circuit Court of *Jasper* County.

Hon. W. H. HANCOCK, Judge.

On the 24th of August, 1874, plaintiffs filed their declaration in the circuit court of Jasper county, using their partnership name only, and setting out therein a note executed in the county of Jasper and state of Mississippi, and filed with their declaration a note executed and payable in the city of Mobile, Ala.

On the 24th of August, 1874, a writ of summons was issued,

returnable the 3d Monday of September, 1874, and executed on the 26th of August, 1874.

On the 4th day of December, 1874, defendant filed his demurrer, which was by the plaintiffs confessed at the March term, 1875, and leave given them to amend. The causes assigned in the demurrer were, the failure to set out individual names of partners, and the failure to set out the instrument sued on according to legal effect.

On the 14th day of April, 1875, plaintiffs filed their amended declaration, setting out their individual names, and declaring upon a note executed in the county of Jasper and state of Mississippi.

At the September term, 1875, defendant filed the general issue to the amended declaration. On the hearing of the cause, plaintiffs offered in evidence, to sustain their declaration, the note filed with their original declaration, to which defendant objected, upon the ground that it was not the contract set out in plaintiffs' declaration; which objection was overruled by the court, and judgment rendered for plaintiffs.

*Walter Acker*, for plaintiff in error:

The only error complained of is the action of the court overruling the objection of defendant in the circuit court, to the introduction of the note filed with plaintiffs' original declaration. The declaration sets out a note executed in the county of Jasper, state of Mississippi, and the note offered in evidence was executed and payable in the city of Mobile, Ala., an entirely different contract from the one sued on. "The rule is well settled that the proof must agree with and sustain the allegations of the complaint." The filing of a note with the declaration does not make it a part of the declaration, and it cannot be referred to to aid the pleading. The case is made up by the pleadings, and the proof must follow and sustain the pleadings. 7 George, 458; 41 Miss., 102; id., 256; 8 S. & M., 21; 1 C., 193.

*J. A. Brown*, for defendant in error:

[The reporters find no brief for defendant in error.]

TARBELL, J., delivered the opinion of the court.

Suit upon a note dated at Mobile. The declaration describes the note as executed in the county of Jasper. The note was filed with the declaration. Defendant appeared and pleaded the gen eral issue. On the trial, objection was made to the introduction of the note in evidence, upon the ground that plaintiffs declared upon a note executed and payable in the county of Jasper, and state of Mississippi, whereas the plaintiffs offered in evidence a note executed and made payable in the city of Mobile, Alabama. This objection was overruled, and judgment followed for plaintiffs in the action. A bill of exceptions was filed, and the case brought to this court. The only question for adjudication is contained in the foregoing statement. The point made on the trial will be perceived to be on its face purely technical, yet it is not necessarily without merit. Upon it may rest a just defense. As required by statute, the note was filed with the declaration; but the note is no part of the declaration, and cannot be referred in aid of the pleading. Blackwell v. Reid, 41 Miss., 102. It is a general rule that a note or contract sued on must be properly described in the declaration (Pierce v. Lacy, 23 Miss., 193), or it will be rejected as evidence. Another general rule is that the *allegata et probata* must agree. 2 Tuck. Com., 149; Drake v. Surget, 36 Miss., 458. The declaration is upon the note, and does not contain the common counts. The case last cited of Drake v. Surget was an ac tion to recover damages for a breach of contract. The declaration contained four special counts, and setting out special contract. The contract proved varied materially in the opinion of the court from the one set out in the declaration. It was held, therefore, that the plaintiff was not entitled to recover. In the case at bar, the variance between the note described in the declaration and the one given in evidence consists, as seems, in this, that they agree in all respects except as to place of execution. Is this material? Although this question is one of apparent simplicity, involved perhaps only in a simple fiction, in pleading, it is esteemed to be, nevertheless, of practical importance, if this variance is matter

of description which, by being averred, may become material and substantial, and being averred, must be proved. Though un-averred, entirely immaterial and unimportant, it is a question entitled to some consideration. The pertinent rule is stated very strongly in 1 Greenl. Ev., §§ 56, 57, 58 et seq. A technical rule is not necessarily a hindrance, but may be promotion of justice. In this case, there might be another note executed, in fact, in Jasper county, in other respects a counterpart of the one sued upon. The defenses to the two might be different, and when sued upon one, the party ought not to be called upon on the trial for the first time to defend the other. And there might be such a variance as that a judgment might not be a bar to another action. An apt illustration is found in Thomas v. Thomas, 3 J. J. Marsh., 589. A plea of another suit pending on the same note was interposed. The notes in the two records were in all respects.alike, except as to date of transfer. Upon this variance alone the plea was over-ruled, on the ground that because of such variance, the pending suit pleaded was not a bar to the one in which the plea was filed. The difficulty in disposing of this case satisfactorily is that no de-fense on the merits is indicated in the record as depending upon the question presented. There may or may not be. In Kearney v. King, 2 B. & Ald., 302 (4 Eng. C. L., 514), the suit was in England upon a note drawn in Dublin, Ireland. The declaration stated the note to be payable in English currency; but the note given in evidence was for Irish currency. The variance was held to be fatal, BEST, J., saying: "The defendant in this case is en-titled to a nonsuit, inasmuch as the plaintiff has given no evidence of the bill stated in the declaration, and the defendant is clearly warranted in saying that he never promised to pay.that bill. For, from the evidence, it appears ¦that he promised to pay, not that bill, but another, one-twelfth less in amount." It will be seen that the declaration in that case described a contract in one cur-rency, while the contract given in evidence was for a different currency and less in amount. In the case at bar, the variance is not in a difference in currency, of different value or terms of the

contract, but in matter of description. A rule which governs in the production of evidence is, that it is sufficient if the substance of the issue be proved. In the application of this rule, however, a distinction is made between allegations of matter and substance, and allegations of matter of essential description.

The former may be substantially proved, but the latter must be proved with a degree of strictness extending in some cases even to literal precision. No allegation descriptive of the identity of that which is legally essential to the claim or charge can ever be rejected. (1 Greenl. Ev., § 56.) In contracts, libels in writing, and written instruments in general, every part operates by way of description of the whole.

In these cases allegations of names, sums, magnitudes, dates, deviations, terms and the like, being essential to the identity of the writing set forth, must, in general, be precisely proved. (Id., § 58.) But, in general, the allegations of time, place, quantity, quality, and value, when not descriptive of the identity of the subject of the action, will be found immaterial and need not be proved strictly as alleged. (Id., § 61.) If the place in the case at bar is material, it is made so by the averments of the declaration by way of description.

Mr. Greenleaf says (id., § 67), that there is a material distinction to be observed between the redundancy in the allegation and redundancy in the proof. In the former case a variance between the allegation and the proof will be fatal, if the redundant allegations are descriptive of that which is essential. The place of the execution of a contract may be of the first importance, and primarily essential. Allegations descriptive of deeds and records must be proved with great precision. (Id. §§ 69, 70). There is, however, says Mr. Greenleaf (id., 60), a middle class of circumstances, not essential in their nature, which may become so by being inseparably connected with the essential allegations. These must be proved as laid, unless they are stated under a *videlicet;* the office is to mark that the party does not undertake to prove the precise circumstances alleged, and in such cases he is ordina-

rily not holden to prove them.  \* \* \* \*  A *videlicet* will not avoid a variance or dispense with exact proof in an allegation of material matter ; nor will the omission of it always create the necessity of proving precisely as stated, matter which would not otherwise require exact proof.  But a party may, in certain cases, impose upon himself the necessity of proving precisely what is stated, if not stated under a *videlicet.*  (See note 3 to above § 60, Greenl., vol. 1, and see Ch. Pl., 317, 318 and notes.)  Munroe *v.* Cooper, 5 Pick., 412, was an action on a promissory note, described in the declaration as dated at Concord, in the county where the venue was laid, when in fact the note was dated at Boston, in another county.  Objection to the note as evidence was made on this ground.  As to the question of variance, the author says : " It has been usual, certainly in cases like the present, to set out the true date of the note, both as to place and time, and to lay the venue under the form of a *videlicet.*  And this, I apprehend, is the correct mode of declaring.  But it is not necessary to decide on this point, because the mistake, if it is one, is a mere clerical mistake, and the plaintiff may have liberty to answer without costs."  That case was reversed on another point. Counsel in that case cited Houriet & Morris, 3 Camp., 303, which is particularly interesting in connection with the case of Munroe *v.* Cooper, just referred to.  Objection was made that there was a fatal variance, the declaration stating that the note was made in London, whereas in fact, it appeared on its face to have been made in Paris. It was insisted in argument that in declaring on foreign bills, the constant course is to state that they were drawn at the place where they bear date, adding the venue under a *videlicet.*"  Lord Ellenborough said :  " The contract evidenced by a promissory note is transitory, and the place where it purports to be is immaterial.  I see no reason why you may not state that the note was made in the Parish of St. Mary le Bon, in the ward of Cheap, though dated at Paris in the same manner as if it had been dated at York."  There was in that case a verdict for the plaintiff, according to the note of exchange.  The report of the case is too brief

and incomplete to understand and appreciate fully the opinion of Lord Ellenborough. If in the case at bar it were agreed that dependent upon the point made there was no other defense nor right to be affected in this, nor in any future litigation to grow out of this, in such case the exception taken would perhaps be without merit. On the other hand, according to general rules, the error is well assigned. As presented, is the question one of mere form, or behind it and following it, may there not be rights of substance to be protected?

The declaration in this case is not according to the precedents upon a like state of facts. 2 Ch. Pl., 114 and notes; Ch. on Bills, 582, and other cases herein. Stating the note in a special count only, the declaration describes a note variant from that offered in evidence, which according to the letter of general rules, is fatal. 1 Ch. Pl., 311 and notes; the note described is not the note proved; a distinction is established between allegations of matter of substance and allegations of matter of description; the former require to be substantially proved, the latter must be litterally proved. Stoddart v. Palmer, 10 Eng. C. L., 4; 1 Greenl. Ev., *supra.* When place is alleged as matter of description, and not as venue, it must in cases be stated truly and according to the fact, under peril of variance, if the matter should be brought into issue. Steph. Pl., 291; variance in the date of an instrument declared on is fatal, the date being matter of description. Drown v. Smith, 3 N. H., 299; Church v. Feterow, 2 Penn., 301; Bank etc. v. Simmons, 1 Harrington, 331; if described as dated and bearing date, when not dated, this is fatal. Grant v. Winn, 7 Mo., 188. And the same rule is stated in Fairfield v. Adams, 16 Pick., 381. In the latter case, the note sued on bore no date of place, but the declaration described it as dated at Boston. A statute of that state allows damages on inland bills of exchange varying at different distances. The court say: "It happens that the bill bears no date place; there is therefore no variance in this respect between the bill and count. Had it been in fact dated at Saco, where it was probably drawn, it would have been proper to

follow the usual formula, of alleging it to be drawn at Saco, to-wit: at Boston ; the former to avoid the exception now taken of variance between the allegation and proof, and the latter to give a venue. It is a plain rule of pleading, that every material and traversable fact must be laid within the county, and yet that written contents must be described according to the truth, and this sim-ple section was invented to reconcile the two requisites, where the written instrument is in fact dated at a place not of the coun-ty. As to the consideration that the statute gives damages, on inland bills of exchange, varying at different distances, in conse-quence of which the place of drawing becomes material, it may be remarked that when the plaintiff relies on this statute and goes for damages, he must declare truly as to the place where the draft was drawn, and prove it accordingly. Here he declares on it as made in Boston, and can claim no damages. It is usual in the date to include the place where a note was made, and this in many cases may be important in order to ascertain the proper rules by which it is to be interpreted. Story on Prom. Notes, 55. A variance in the date of the assignment of a note between the dec-laration and proof will be fatal. Thomas v. Thomas, 3 J. J. Marsh., 589. An unnecessary averment ordinarily, even surplus-age, must be proven when a matter of consideration. Thrasher v. Ely, 2 S. & M., 139 ; Bristow v. Wright, Doug., 664. See fur-ther, Russel v. Langstoff, Doug., 514 ; Pope v. Foster, 4 Durnf. & E., 590 ; Young v. Wright, 1 Camp., 139 ; Churchill v. Wilkins, 1 Durnf. & E., 447 ; Sprowle v. Legge, 8 Eng. C. L., 11 ; Kearney v. King, 2 B. & Ald., 302 (4 Eng. C. L., 1 Ch. R.); 1 Ch. Pl., 310, 317, 318 ; Fay v. Goulding, 10 Pick., 122 ; Ch. on Bills, 168, 578, 581, and cases referred to in George, title Evidence, 313 to 328, A; Ph. on Ev., vol. 3, with C. & H. and E. notes, ch. 1, p. 141, et seq., examined since the foregoing was written, con-tains a very clear exposition of the practice under consideration. If understood, the authorities do not disagree. The posibility that the objection in the case at bar was interposed purely for de-lay, has given rise to the query, whether the point made is not al-

together frivolous.  The clear statements in Ph. Ev. has seemed to greatly diminish these doubt and to lead to the conclusion which has been reached.  In view of the rules referred to, statutes have been enacted in England, and in most all of the states of the union, empowering courts to grant amendments.  In some of the states, under their statutes, no variance between the allegation in a pleading and the proof is deemed material, unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense on the merits.  And whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court.  So that it may appear in that respect, he has been misled, and thereupon the court may order the pleading to be amended, upon such terms as may be just.  When the variance is not material, the court may direct the fact to be found according to the evidence, and may order an immediate amendment without costs.  Such is now particularly the practice in New York.  In this state we have adopted and followed the English practice in a modified and simplified form.  Our courts were also empowered to allow amendments in proceedings and pleadings in the most liberal manner, at any time before a cause is submitted to the jury.

If the record in this case furnished evidence of a defense on the merits, dependent upon the question presented, the conclusion reached would be more satisfactory.  The absence of evidence of such other defense has created some doubt as to the proper rule to declare, nevertheless, the safe course is believed to be, to hold the variance, between the declaration and the proof, fatal, the objection having been made at the proper time.

Power to amend upon objections was ample.  And, however unnecessary, in the opinion of counsel, an amendment obviating the objection taken was certainly the course of prudence and safety.  Indeed, it would be well, if, in such cases, circuit judges would, on their own motion, order amendments, especially when, if they are not essential, they are harmless.

The conclusion is, that the court below erred in overruling the objection to the introduction of the note as evidence.

Judgment reversed and cause remanded, with leave to plaintiff to amend his declaration.