Okey, J.
John W. Jackson, convicted in the court of common pleas of Jackson county, and sentenced to be executed, for the murder of Samuel L. Hull, committed September 30, 1882, filed a petition in error in this court, on leave, in which he set forth a number of alleged errors as grounds of reversal of such sentence. A case involving human life imperatively demands most careful consideration. That consideration this case has received, and I will state our conclusions and the reasons therefor with as much brevity as possible.
1. It is alleged, in the first count of the indictment, that the prisonei’, at a time and place stated, struck Hull on the head with a piece of iron, and also that he then and there struck him on the head with á sledge, and also that he then and there struck him on the head with a shovel, and it is alleged that this was done purposely and maliciously and of deliberate and premeditated malice, and that these blows caused Hull’s death. Evidence was offered tending to show that in killing Hull, the prisoner employed all these implements. Objection was made to the count in various forms, and to the reception of evidence under it, on the ground that it is bad for *39 duplicity. But the objection was not well taken, and was properly overruled. People v. McDonald, 67 Mo. 13 ; People v. Casey, 72 N. Y. 393; Bemis’ Trial of Webster, 471; 1 Bishop’s Cr. Pro. § 432 et seq.
2. In the other count a robbery is charged, followed by a charge of homicide in the same form as in the first count, in the perpetration of such robbery. The same objection was made to this count as to the first count, and the prisoner also asked that the state be compelled to elect whether he should be prosecuted for the robbery or the homicide. The objection was properly overruled, and the motion properly denied. Ib.; Whart. Cr. PI. & Pr. § 293.
3. The state, during the trial, offered evidence of confessions made by the prisoner September 30, 1882, to the Free-mans, who were not officers or persons exercising authority over him, tending to show that he had committed the offense charged. The state then offered to prove a confession of the crime charged, made by the prisoner October 2, 1882, while in jail in Jackson county, upon such charge. The alleged confession was made to Owens, marshal of the village of Jackson, in the presence of the deputy sheriff. Owens testified that he told the prisoner that Hull was not much hurt; that all he wanted was for the prisoner to give back his money and leave the country ; and that if he would give back the money there would be no prosecution. The court excluded the proposed confession. The state then offered evidence to show that the prisoner was examined October 4, 1882, before the mayor of the village, on the charge of making the assault set forth in the indictment, Hull dying on the same evening. On that examination the prisoner voluntarily offered himself as a witness and testified. Before doing so, he was cautioned by the mayor and the prosecuting attorney that he need not criminate himself, and that what he said might be used against him, but he insisted on his right to testify. In his testimony, on that examination, he gave an extended account of the assault, with the implements named in the indictment, and the robbery. The prisoner objected to proof of his statements so made on the examination, on the ground that they were not voluntary, but the court *40 overruled the objection, admitted the evidence, and the prisoner excepted. Whether the question thus presented is other than it would have been if the statements had not been made as a witness under the statute (Eev. Stats. § 7286; Hanoff v. The State, 37 Ohio St. 178), we need not determine; for we cannot say that the influence of the inducement offered by Owens had not been removed, and hence we hold that the confession was competent under the rule stated in Spears v. State, 2 Ohio St. 583, which has not been qualified by Rufer v. State, 25 Ohio St. 464.
4. The Freemans, who gave material evidence tending to convict the prisoner, were, unknown to them at - the time they testified, under indictment in the same court for harboring the prisoner, with knowledge that he had committed the alleged robbery; and it is charged that the prosecuting attorney concealed from the Freemans the knowledge of the fact that they had been indicted, and thereby deprived the prisoner of a fair trial. No doubt a prosecuting attorney may, by the suppression of evidence or similar acts, be guilty of such misconduct as to afford ground for a new trial. Wellar v. People, 30 Mich. 16. But the act charged in this case, if fully established, would afford no ground for disturbing the verdict. Moreover, the prisoner had been informed, before the trial, that such indictments had been found against the Freemans.
5. The jury having heard the evidence, ai-guments of counsel, • and charge, returned into court the following verdict: “guilty as charged in the first count of the indictment.” This verdict the court refused to receive and the prisoner excepted. The jury having further deliberated, by direction of the court, returned into court the following verdict: “We the jury, on the issue joined, find the defendant guilty as he stands charged in the indictment.” The prisoner objected to the verdict, but it was received, and he excepted. He did not object, however, on the ground sustained in Dick v. State, Parks v. State, 3 Ohio St. 89, 101; nor could he make such objection, for the statute has been changed (Eev. Stats. § 7316) ; but he objected solely on the ground that a verdict had been rendered. The objection is untenable. The prisoner might *41 have been sentenced under the first verdict, for the count on which it was based was sufficient. Whart. Cr. PI. & Pr. § 740. Rut the proper course was to endeavor to obtain a verdict responding to both counts, and that course was pursued.
We find no error in the record.

Judgment affirmed.