[No. 630.    September 1, 1896.]

## TERRITORY OF NEW MEXICO, APPELLEE, v. MANUEL GREGORIO VIGIL, APPELLANT.

CRIMINAL LAW—INDICTMENT—ASSAULT WITH INTENT TO MURDER—INSTRUCTION.—On a trial on indictment charging an assault with intent to murder, an instruction to the jury that all that was necessary for the prosecution to prove, to warrant a verdict of guilty, was sufficient to satisfy them beyond a reasonable doubt that defendant did, at the time and place mentioned, make an assault upon the person of the prosecuting witness with the intent to inflict upon him bodily injury, was misleading and erroneous.

APPEAL, from a judgment of the First Judicial District Court, Taos County, convicting defendant of assault with intent to kill. Reversed and remanded.

The facts are stated in the opinion of the court.

CATRON & SPIESS for appellant.

The instructions of the court are erroneous. They direct the jury to conclude that an assault to kill was committed, when the assault itself only amounted to bodily injury, and to conclude an intent to kill from the mere fact that an assault had been committed. Law. Presumptive Ev. 271; Maher v. People, 10 Mich. 212; Roberts v. People, 19 Id. 401; State v. Stewart, 29 Mo. 419; Jeff v. State, 37 Miss. 321; Simpson v. State, 59 Ala. 10; Morgan v. State, 33 Id. 413; Washington v. State, 53 Id. 29; Patterson v. State, 85 Ga. 131; State v. Meadows, 18 W. Va. 658.

The court went further, and directed the jury to find defendant guilty of an intent to murder, from the mere fact that the shooting did bodily harm, whether the intent was proven to exist or not. This was error. State v. Jefferson, 3 Harr. (Del.) 571; Davidson v. State, 9 Humph. 455; Danes v. State, 2 Id. 439; Cole v. State, 5 Eng. 318; Rex v. Hunt, 1 Moody, 93; Reg. v. Stringer, 2 Id. 261; Reg. v. Nichols, 9 Car. and P. 267; Rex v. Davis, 1 Id. 306; Rex v. Mogg, 4 Id. 364; Reg. v. Sullivan, Car. and M. 209.

JOHN P. VICTORY, solicitor general, for the territory.

Even though there were errors in the charge, a verdict of guilty of an assault with intent to murder, or of a lesser crime involved therein, will not be set aside, where the evidence fully sustains the verdict. Sumby v. State, 7 S. E. Rep. 737.

The court properly refused to grant the instructions offered by defendant to the effect that the jury, in case they failed to believe the defendant guilty of an intent to murder, should find him not guilty. Even if the jury failed to find present the intent to murder, they were still at liberty to find the defendant guilty of an assault with a deadly weapon. Jones v.

State, 11 S. Rep. (Ala.) 399; Horn v. State, 13 Id. (Ala.) 329.

HAMILTON, J.—The defendant, Manuel Gregorio Vigil, was indicted in the district court of Taos county, at the May term, 1893, for an assault with intent to kill one Manuel Leyba. The defendant was tried and convicted under said indictment at the November term of said court, 1894, and was sentenced to two years in the penitentiary. Motions for new trial and arrest of judgment being overruled, he brings this case here by appeal.

Counsel for appellant in the court below makes an attack first upon the indictment, but at the argument of the cause he has virtually abandoned this position. The indictment is framed under the first clause of section 713 of the Compiled Laws of New Mexico, and is an indictment for an assault with intent to murder. It being an indictment for an assault with intent to murder, framed under the first clause of this section 713, it was not necessary to allege in the indictment that it was the intent to kill and murder in any of the ways mentioned in section 712, for the indictment is not an indictment for an assault with intent to maim or disfigure, etc., as mentioned in section 712, but is simply an indictment for an assault with intent to murder. We think the indictment sufficiently charges the unlawful intent to kill and murder to make it good in that respect.

The main ground of error set forth in the brief and insisted upon in the argument is based upon the action of the court below in giving and refusing instructions. It is insisted by the appellant that the court erred in giving the third, fourth, seventh, and eighth instructions. The third instruction given by the court is as follows: "(3) The court further instructs the jury that all that is necessary for the territory to prove in this

INDICTMENT: assault with intent to kill: instruction.

case, to warrant a verdict of guilt, is enough to satisfy
the jury from the evidence, beyond a reasonable doubt,
that the defendant did, on the twenty-fifth day of No-
vember, 1892, or at some time within three years prior
to the sixteenth day of May, 1893, within the county
of Taos and territory of New Mexico, make an assault
upon the person of the said Manuel Leyba with a re-
volver or pistol, loaded with gunpowder and leaden
bullets; that the same was then and there a deadly
weapon; and that such assault was made with intent
to inflict upon the person of the said Manuel Leyba a
bodily injury, when no considerable provocation ap-
peared, or when the circumstances of the assault showed
an abandoned and malignant heart of the defendant at
the time." The serious ground of complaint urged
against this instruction by the appellant is that it di-
rects the jury that they should find the defendant guilty
of an assault with intent to commit murder if they
found the assault was committed with an intent sim-
ply to do bodily injury. The defendant is charged
with an assault with intent to murder. In order to
convict the defendant of the crime charged in the in-
dictment, it is necessary for the territory to establish
two facts, viz., the assault and the intent; and, before
the jury can find the defendant guilty, they must find
that the defendant committed the assault, and that he
did so with the intent to murder, as charged in the in-
dictment. "It is the intent unlawfully and maliciously
to kill the person assaulted which constitutes the crime
of assault with intent to murder." Washington v.
State, 53 Ala. 29; Morgan v. State, 33 Ala. 413. "In
a prosecution for an assault with intent to murder, the
actual intention to kill must be found." Maher v.
People, 10 Mich. 212; Roberts v. People, 19 Mich. 401;
Jeff v. State, 37 Miss. 321; Simpson v. State, 59 Ala.
10; State v. Stewart, 29 Mo. 419. In the indictment
the defendant is charged with an assault with intent

to murder.   This instruction would authorize the jury to find the defendant guilty if they found from the evidence, beyond a reasonable doubt, that he made the assault with intent to inflict upon the person of Manuel Leyba a bodily injury.   An assault with intent to murder is an entirely different charge from an assault with intent to maim or disfigure or commit bodily injury. It will not do to say that a man under indictment charged with an assault with intent to murder could be convicted of that offense by the jury if they found that he was simply guilty of an assault with intent to commit bodily injury.   In the case of State v. Meadows, W. Va. 658, an instruction of this kind was given: "If they believe the shooting was done with intent to maim, disfigure, disable, or kill him, or to cause him bodily injury, they must find the defendant guilty." This instruction was held bad by the court for the reason that it authorized the jury to find the defendant guilty of an assault with intent to murder from the mere fact that they found that he had been guilty of an attempt to do bodily injury.   In the case of Kilkelly v. State, 43 Wis. 604, the defendant was charged in an information with an assault with intent to murder, and the court held that a charge with intent to murder will not warrant a conviction of an assault with intent to maim and disfigure; the latter intent not being included in the former.   The court, in passing upon that case, say:   "The rule is that, where offenses are included one within another, a person indicted for a higher one may be convicted for one below, provided the averment in the indictment, in form, charges the lesser offense as well."   Bish. Cr. Law, 794.   And the court further say:   "But we are aware of no rule of criminal procedure which sanctions a conviction for a given felonious intent on an indictment or information which does not charge such intent, but charges another intent of an entirely different character.   Who ever heard of

a conviction for an assault with intent to rob on an indictment charging only an intent to murder, or of a conviction for an assault with intent to maim or disfigure on an indictment for an assault. with intent to ravish? And yet the principle of the instruction under consideration would uphold such convictions. A rule which would sustain such convictions would be utterly subversive of the right guarantied by the constitution to a person accused of crime 'to demand the nature and cause of the accusation against him,' and we reject it without hesitation." The instructions complained of in this case virtually told the jury that all that is necessary for the territory to prove in this case, to warrant a verdict of guilty, is enough to satisfy them beyond a reasonable doubt that the defendant, at the time and place mentioned, did make an assault upon the person of Manuel Leyba with the intent to inflict upon the said Manuel Leyba bodily injury. This instruction, we think, was erroneous, and could not but have misled the jury, as they were authorized to find the defendant guilty of a different offense from that with which he is charged, and left out of the instruction a particular element which would constitute a proper instruction under an indictment of this character, to wit, that the jury should find that the defendant made the assault with intent to murder, and not simply with intent to do bodily injury. We do not think the other instructions complained of require our consideration, as the case must be reversed and remanded, and new trial granted, upon the error committed by the court in giving the instruction above quoted; and it is ordered.

SMITH, C. J., and COLLIER and BANTZ, JJ., concur.