## JENNINGS vs. THE STATE.

1. An indictment under the 35th sec. 2. art. of an act concerning Crimes and Punishments, R. C. 1835, should state the *circumstances* attending the commission of the offence.

2. It is sufficient to state them thus, "that on, &c., at. &c., with force and arms, did feloniously make an assault on the body of one G. with a large iron auger, and then and there did feloniously wound, disfigure, and inflict on the body of said G. with the said augur, great harm." The words in the act, "in a case and under circumstances," &c., may be rejected as surplusage.

### APPEAL from Benton Circuit Court.

STRINGFELLOW, Attorney General, for Appellee.

To sustain the decision of the circuit court, insists :

1. That the evidence objected to, ought to have been admitted, as it was a continued transaction.

2. The instructions asked by defendant, ought to have been rejected ; the first being too general, and the others restricting the issue.

3. The instructions of the court were properly given.

4. The indictment is sufficient. Johnson vs. State, 7 Mo. R. 183; Stat. '35, Cr. & Pun.

NAPTON, J., delivered the opinion of the court.

The appellant was indicted in the circuit court of Benton county, under the 35th section of the 2nd article of the act concerning crimes and punishments. The indictment charged that the defendant on, &c., at, &c., with force and arms, did feloniously make an assault on the body of one Samuel Grosong, with a large iron auger, and then and there did feloniously wound, disfigure and inflict on the body of said Samuel Grosong, with the said iron auger, great harm, under circumstances which would have constituted manslaughter, if death had ensued, contrary," &c.

Jennings vs, The State.

The defendant was found guilty, and sentenced to an imprisonment of thirty days in the county jail, and to pay a fine of fifty dollars. A motion was made in arrest of judgment, and for a new trial, both of which were overruled.

On the trial, the court instructed the jury, that if the defendant wounded Grosong, or did him great bodily harm, with auger, and the auger was a dangerous weapon, or calculated to produce death, he was liable to the prosecution, and in that case, the amount of injury was not important; but if the weapon was not a dangerous one, the defendant was not guilty, unless the wounds were of a dangerous character, from which death might probably have ensued.

The proof on the trial was that the defendant had inflicted the wounds with an auger.

The principal point we suppose to be relied on for the reversal of this judgment, is the alleged insufficiency of the indictment. The indictment is very inartificially drawn, but rejecting from it such words as are mere surplusage, and transposing its language, it will be found to embrace every substantial requisite of a charge under the 35th section of the 2nd article of the act. It will then read, "that the defendant, at &c., on, &c., with force and arms, did feloniously make an assault on the body of one Samuel Grosong, with a large iron auger, and then and there did feloniously wound, disfigure and inflict great bodily harm on, said Samuel Grosong, contrary, &c." There is no material difference perceived between the expression "did wound, disfigure and inflict on the body of said Samuel Grosong, great harm," and the transposition of the language which we have suggested. There is no doubt that the language used in the indictment—"under circumstances which would have constituted manslaughter," &c.—may be rejected as surplusage, and that it is essential in an indictment under the 35th sec. to aver the circumstances themselves, which if death had ensued, would have made the offence manslaughter. This, we think, is sufficiently done in the averment that, the assault was made feloniously, and with an auger— a dangerous weapon. To the instructions we can perceive no serious objections, and the judgment will therefore be affirmed, Judge McBride concurring.

Scott, J., dissenting.