## CARRICO vs. THE STATE.

1. On an indictment for a felonious assault and battery, under the 38th sec., 2nd art. of act concerning crimes and punishments, if the wound inflicted be a dangerous wound likely to produce death, it is sufficient, although the weapon be not a deadly weapon.

2. If the weapon used be a deadly weapon, or likely to produce great bodily harm, it is not necessary that the wound should be a dangerous wound.

## APPEAL from Benton Circuit Court.

E. L. EDWARDS, *for Appellant.*

1. The court below erred in refusing to give the instructions asked for by the defendant, and in giving those the State asked for.

2 The court erred in refusing to set aside the verdict of the jury.

3. The court erred in overruling the defendant's motion to arrest the judgment.

STRINGFELLOW, *Attorney General, for the State.*

1. The indictment is sufficient.

2. The instructions numbered 1, 2, 3, 4, 5, asked by defendant were properly refused. The law was correctly declared in the instructions given by the court. Jennings vs. the State, 9 Mo. R., 862.

3. The verdict was according to the evidence. The jury were proper judges of the testimony and there being ample evidence to sustain their verdict, the court properly refused to set the same aside. 9 Mo. R., 862.

4. The court properly assessed the punishment, the jury failing to do so.

McBRIDE, J., *delivered the opinion of the Court.*

This was an indictment found in the Benton Circuit Court against Vincent Carrico, for an assault on the body of one Cord H. Grubben.— The indictment charges that the defendant late, &c., on, &c., with force and arms, at, &c., in and upon one Cord H. Grubben, in the peace, &c., then and there being, unlawfully and feloniously an assuault did, then and there make, and that the said Carrico did then and there with force and arms, unlawfully and feloniously, and with a certain large piece of wood of the length of four feet, and the diameter of three inches, which piece of wood he the said Carrico, in his right hand then and there had and held, the said Cord H. Grubben then and there did strike, beat, bruise and wound in and upon the head and face of him the said Grubben, whereby he the said Grubben was then and there greatly maimed, wounded and disfigured, and then and there received great bodily harm, contrary to the form of the statute, &c.

The second count charges that Grubben was "greatly wounded and received great bodily harm," &c.

The third count charges that by reason of the asssult, &c., the said Grubben "received great bodily harm," &c.

To the indictment, the defendant pleaded not guilty, and a trial being had, the jury found him guilty, but not being able to agree in the assessment of his fine, reported that fact to the court, whereupon the court assessed the fine at $500.

The defendant then moved for a new trial, and in arrest assigning many reasons, which the court overruled, and he excepted and has brought the case to this Court by appeal.

The questions presented by the record are first, those which arose during the progress of the trial, as the giving and refusal of instructions, and the assessment of the fine by the court, and secondly, the sufficiency of the indictment.

The defendant asked the court to instruct the jury as follows :

1. Although the jury may believe from the evidence that Carrico wounded, maimed or disfigured Grubben, or inflicted on him bodily harm, but not with a dangerous weapon, or with a weapon not calculated to produce death, the jury must find Carrico not guilty, unles they find that the wounds or bodily harm was of a dangerous character from which death might have probably ensued.

2. If the weapon used by Carrico was not a dangerous one, or calcu-

lated to produce death, the jury must find Carrico not guilty, unless the wounds were of a dangerous character from which death brobably might have ensued.

3. If the jury believe from the evidence that Grubben provoked the assault by Carrico on him, and the assault was made by Carrico in the heat of passion, without a dangerous weapon and without any intent to kill him, they must find the said Carrico not guilty.

4. If the jury believe from the evidence that Grubben gave the first provocation and commenced the quarrel, and that Carrico without malice but in the heat of passion assaulted Grubben, but with no intent to kill him, the jury must find Carrico not guilty.

5. Unless the jury believe from the evidence that the stick was a dangerous weapon and likely to produce or cause the death of said Grubben, as it was used by the said Carrico, they must find the said Carrico not guilty.

Which the court refused to give, but instructed the jury as follows :

1. Though the jury may believe from the evidence that the defendant wounded said Grubben, yet, if they believe that the stick was not a dangerous weapon, or a weapon calculated to produce death, or that he used the weapon, if not dangerous, in a manner calculated to produce death, they ought to find him not guilty, unless they should believe that the wound was of a dangerous character by which death might probably have ensued, or that the said Grubben received great bodily harm by the blows inflicted.

2. If the jury believe from the evidence that Grubben made the first assault, and that Carrico struck him merely in self defence, and used no more force than was nececessary to prevent said Grubben from inflicting upon him personal injury, they should find him not guilty.

3. Notwithstanding the jury may believe from the evidence that the stick was a dangerous or deadly weapon, yet, unless the jury also find, that the said Carrico either maimed, or wounded, or disfigured, or the said Grubben received great bodily harm, the jury must find the said Carrico not guilty.

4. That there is no evidence before the jury to prove that the said Grubben was maimed.

5. If the jury have a reasonable doubt as to the guilt of Carrico, they must find him not guilty.

6. If the jury believe from the evidence that Carrico inflicted upon said Grubben a wound, or did him great bodily harm with a deadly weap-

on, or with a weapon calculated to produce death, in a manner by which death might probably have ensued, and at the time said Carrico had not just ground to apprehend that Grubben was about to inflict upon him some great personal injury, or that he did not strike in self defence, they ought to find him guilty. And if the jury believe that the stick used was a deadly weapon and used in a manner calculated to produce death, and a wound was thereby inflicted, the greatness or smallnes of the wound is immaterial in determining whether Carrico is or is not guiliy.

7. Insulting language alone does not justify an assault, but may be considered by the jury in determining the amount of punishment, should they find the defendant guilty.

This indictment is drawn on the 38th sec., 2nd art. of the statute concerning crimes and punishments, R. C., 1845, p. 351, which enacts "that if any person shall be maimed, wounded or disfigured, or receive great bodily harm, or his life be endangered by the act, &c., of another, in cases and under circumstances which would constitute a murder or manslaughter, if death had have ensued, the person by whose act, &c., such injury or danger of life shall be occasioned, shall in cases not otherwise provided for, be punished, &c."

Our attention has not been directed to any supposed defects in the indictment and we do not perceive any. The indictment charges every fact necessary under the above section of the statute. See the case of Jennings vs. the State, 9 Mo. R., 862.

We see no objection to the instructions given by the Circuit Court.— Several of those asked for by the defendant were very properly overruled, as they were obviously erroneous, and others contain principles more clearly set out in those given by the court.

When the jury find a verdict of guilty and fail to assess the punisment, the court may assess the same, R. C., 1845, sec. 4, p. 483.

The other Judges concurring, the judgment of the Circuit Court is affirmed, and the case remanded to that court that it may carry its judgment into effect.