State v. Magrath.

---

THE STATE, Respondent, *vs.* MAGRATH *et al.*, Appellants.

1. *Jennings* v. *State*, 9 Mo. Rep. 862, affirmed.
2. Time is not material in an indictment under the 38th section of article 2 of the act concerning crimes and punishments, (R. C. 1845,) so that the offence is alleged and proved to have been committed before the finding of the indictment, and within one year before.

*Appeal from St. Louis Circuit Court.*

The defendants were indicted under the 34th and 38th sec-tions of article 2 of the act concerning crimes and punishments,

(R. C. 1845.) The indictment contained three counts. The third, upon which alone the defendants were convicted, was framed upon the 38th section, and was as follows :

" And the grand jurors aforesaid, upon their oath aforesaid, do further present that John Magrath, &c., on, &c., at, &c., with force and arms, in and upon one Jeremiah Ryan, in the peace of the state then and there being, feloniously did make an assault, and that they, the said John Magrath, &c., with certain stones and brickbats, each of the length, &c., which they, the said John Magrath, &c., in their right hands then and there had and held, the said Jeremiah Ryan, then and there feloniously, wilfully and by their act and procurement, did beat, batter, bruise, wound and contuse, giving to him, the said Jeremiah Ryan, then and there, with the stones and brickbats aforesaid, in and upon the head and side of him, the said J. R., divers wounds, bruises and contusions, each of the length, &c., and so the jurors aforesaid, upon their oath aforesaid, do say that the said J. R., then and there, in manner and form aforesaid, was wounded, disfigured, and did receive great bodily harm by the felonious act of them, the said John Magrath, &c., against the peace," &c.

A motion to quash this count was overruled. The indictment charged that the offence was committed on the 1st of July, 1853. The proof was that it was committed on the first Sunday after the 4th of July. After a conviction upon the third count, the defendants moved for a new trial and in arrest of judgment, which motions being overruled, they appealed to this court.

*Blennerhasset & Shreve*, for appellants. 1. The third count was insufficient. 2. The offence was proved to have been committed after the time laid in the indictment. Time is material, because the offence is barred by statute, unless the indictment is found within one year after its commission. (R. C. 1845, p. 895, §25.)

*H. A. Clover*, for the State. 1. The third count was sufficient, as decided by this court. 9 Mo. Rep. 863. 2. Time is not material, if the offence proved was committed within one year before the finding of the indictment.

RYLAND, Judge. 1. The main questions in this case have substantially been passed upon by this court, in the case of *Jennings* v. *State*, 9 Mo. Rep. 852. This court will not disturb the decision in that case, and it must govern this.

2. The point about the time is not well taken. It is not important, as to what day is alleged or what day is proved, so that the time in the indictment is within the period prescribed for limiting the prosecution, and the proof is of a day before the finding of the bill of indictment by the grand jury, and within the period prescribed for limitation.

The judgment must be affirmed, Judge Scott concurring : Judge Gamble not sitting.