THE STATE, Respondent, *vs.* BAILEY, Appellant.

1. An indictment framed upon the 38th section of the 2d article of the act concerning crimes and punishments, (R. C. 1845,) charged that the defendant did "on, &c., *at the county of L.*, unlawfully and feloniously make an assault on one D. E., and did then and there feloniously strike him, the said D. E., with a large block of wood, being a dangerous weapon, whereby he, the said D. E., was maimed, wounded and disfigured," &c. *Held*, no venue to the maiming, wounding and disfiguring was necessary, there being a venue to the assault and stroke.

2. In an indictment under that section, a charge that the defendant "*unlawfully and feloniously* made an assault on one D. E., and *feloniously* struck him, the said D. E., with a large block of wood, &c., whereby the said D. E. was maimed, wounded and disfigured, and received great bodily harm," &c., contains a sufficient statement of the circumstances which would have made the offence murder or manslaughter, if death had ensued. (*Jennings* v. *The State,* 9 Mo. 852 ; *Carrico* v. *The State,* 11 Mo. 579, and *The State* v. *Magrath,* 19 Mo. 678, affirmed.)

*Appeal from Laclede Circuit Court.*

The defendant was indicted under the 38th section of the 2d article of the act concerning crimes and punishments, (R. C. 1845,) for assaulting and wounding one David Enix, under circumstances which would have constituted murder or manslaughter, if death had ensued. The indictment is set out in the opinion of the court.

At the trial, it appeared in evidence that Cox, a brother-in-law of the defendant, and Enix, who was somewhat intoxicated, were engaged in an angry dispute, in the course of which Cox drew a club and Enix a knife. The defendant, who was standing by, made some remark to Cox about the knife, whereupon Enix said he could whip Cox or any of his relations. The defendant told Enix that he must take that back, as he himself was one of the relations. Some further words passed, when the defendant picked up a block of wood, (described by one witness for the State as being of the size of his two fists, by another as about three inches square, and by a witness for the

State *v.* Bailey.

defendant as half an inch thick, two or three inches wide, and half as large as his fist,) and threw it at Enix, hitting him on the face and causing the blood to start. He then picked up what one witness called a slab, another a paling, and another a stick, with which he advanced upon Enix and struck him several times. The slab was described as about three or four inches wide, and an inch thick at one end, and tapering to a point at the other. Enix testified that he received an injury upon his face, the scar of which remained at the time of the trial, and that a bone in the back of his right hand was broken.

The court gave the following instructions on behalf of the State, the defendant excepting:

1. If the jury believe from the evidence that the defendant, at any time within three years before the finding of this indictment, and in the county of Laclede, wounded David Enix with any block or stick of wood, by striking him therewith, and that such block or stick was a dangerous weapon, or calculated to produce death, they must find the defendant guilty, and in that case, the size of the wound is not important, if the weapon was a dangerous one. But if the weapon was not a dangerous one, the defendant is not guilty of wounding, unless the wounds were of a dangerous character, from which death might probably have ensued.

2. If the jury believe from the evidence that the defendant, at any time within three years before the finding of this indictment, and in the county of Laclede, and with any block or stick of wood, and by striking David Enix with the same, inflicted great bodily harm upon the said Enix, they must find the defendant guilty.

3. If the jury believe from the evidence, that the defendant, at any time within three years before the finding of this indictment, and at the county of Laclede, with any block or stick of wood, and by striking David Enix therewith, disfigured the said Enix by such striking, they must find the defendant guilty.

4. If the jury believe from the evidence, that the defendant, at any time within three years before the finding of this indict-

ment, and in the county of Laclede, with any stick or block of wood, and by striking David Enix therewith, maimed the said Enix, they must find the defendant guilty.

5. Although the jury find from the evidence that David Enix may have used abusive language to the defendant, it is no jus-tification to defendant, if the defendant commenced the first assault upon Enix.

The following instructions asked by the defendant were re-fused :

1. If the jury believe from the evidence that Enix commen-ced the difficulty, and that the defendant struck merely in self-defence, when he had reasonable cause to apprehend that Enix was about to do him some great personal injury, and that there was immediate danger of such injury being inflicted, they ought to find him not guilty.

2. And even if the jury should believe from the evidence, that defendant wounded said Enix, and that the same was not done in self-defence, yet unless they further believe that the block or stick used was a dangerous weapon, or one calculated to produce death, or unless he used the weapon, if not danger-ous, in a manner calculated to produce death, they ought to find him not guilty, unless they further find that the wound was of a dangerous character, by which death might probably have ensued, or that said Enix received great bodily harm by the blows inflicted.

The following instructions were given by the court in lieu of those asked by the defendant :

1. If the jury should believe from the evidence that defend-ant wounded said Enix, yet unless they further believe that the block or stick was a dangerous weapon, or a weapon calculated to produce death, or unless he used the weapon, if not danger-ous, in a manner calculated to produce death, they ought to find him not guilty on the charge of wounding, unless they fur-ther find that the wound was of a dangerous character, by which death might have probably ensued, or that said Enix received

great bodily harm by the blows inflicted, or was maimed or disfigured.

2. If the jury have a reasonable doubt of the guilt of the defendant, they will acquit him.

The defendant was convicted, and after motions for a new trial, and in arrest of judgment, appealed to this court.

*F. P. Wright,* for appellant. 1. The indictment was insufficient, because it did not state such facts as to show that the defendant would have been guilty of manslaughter if death had ensued. The main requisites of an indictment for manslaughter should have been stated. (Chitty's Crim. Law, 218, 227. 2 Hawk. 334, § 77.) It should have stated that the wound was inflicted upon the body of Enix, and on what part of the body. (2 Hawk. chap. 23, § 80. 2 Hale, 185, 186.) It should have shown that the weapon used was a deadly weapon, or one calculated to produce death, or it should have so shown the manner of the injury as to make it appear that death might have probably ensued from it. 2. As regards the alleged maiming, the charge is worthless. The indictment should have shown a hurt in some part of the body of Enix, whereby he was rendered less able in fighting, either to defend himself or annoy his adversary. (1 Hawk. p. 175, c. 34, § 1. 1 Chitty's Crim. Law, 784, 786.) 3. All the alleged injuries are charged without stating either time or place. This defect is fatal. (*Irven* v. *The State,* 13 Mo. 306. *Lester* v. *The State,* 9 Mo. 658.) 4. The 2d, 3d, and 4th instructions given for the State were unsupported by the evidence. There was no evidence whatever of the maiming or disfiguring, and it is submitted whether there was any evidence tending to prove great bodily harm. 5. The instructions asked by the defendant should have been given.

*Gardenhire,* (attorney general,) for the State. 1. The indictment is substantially good. (9 Mo. 852. 11 Mo. 579. 19 Mo. 678.) 2. The instructions are substantially correct. (9 Mo. 852. 11 Mo. 579.)

RYLAND, Judge, delivered the opinion of the court.

The defendant was indicted for a felonious assault and battery on David Enix, at the January term of the Circuit Court of Laclede county, in the year eighteen hundred and fifty-four.

He was arrested and tried on this indictment at the March term, 1855, and was found guilty, and sentenced to pay a fine of hundred dollars and be imprisoned in the county jail for three months.

The defendant moved for a new trial, and also in arrest of judgment. These motions being overruled, he excepted to the opinion of the court, and brings the case here by appeal.

The counsel for the defendant insists before this court that the indictment is not sufficient, and that improper instructions were given and proper instructions refused upon the trial in the court below.

The indictment is found upon the 38th section of the 2d article of the act concerning crimes and punishments. (R. C. 1845.) This section declares, " If any person shall be maimed, wounded or disfigured, or receive great bodily harm, or his life be endangered by the act, procurement or culpable negligence of another, in cases and under circumstances which would constitute murder or manslaughter if death had ensued, the person by whose act, procurement or negligence such injury or danger of life shall be occasioned, shall, in cases not otherwise provided for, be punished," &c.

The indictment charges that William Bailey, late, &c., did on the 10th day of November, A. D. 1853, at the county of Laclede aforesaid, *unlawfully and feloniously* make an assault on one David Enix, and did then and there feloniously strike him, the said David Enix, with a large block of wood, being a dangerous weapon, whereby he, the said David Enix, was maimed, wounded and disfigured, and received great bodily harm, under such circumstances as would have constituted manslaughter if death had ensued, contrary, &c.

The counsel for Bailey objects to the indictment, first, be-

cause there is no venue to the maiming, wounding and disfiguring charged in the indictment.   To this objection, it is well answered that there is venue laid to the assault and to the stroke, which is sufficient.   In the second place, he objects that the indictment does not show that if death had ensued, it would have been murder or manslaughter.   This objection is also not well taken, for it is clear that if one unlawfully and feloniously strike another, and death ensue, this is at least manslaughter. In our opinion, there is no necessity to state the circumstances more minutely—the assault and the stroke are charged to have been made unlawfully and also feloniously.   Now let death ensue from such an act, and who will deny that the homicide is either murder or manslaughter ?   No other circumstances than those described in this indictment are required to complete the offence mentioned in this section.   The unlawful and felonious act, producing the maiming, wounding and disfiguring, has been stated and charged distinctly, and it is properly averred that such maiming, wounding and disfiguring was caused by such unlawful and felonious act.

See cases heretofore before this court, under this same section ; for the codes of 1835 and 1845 contain the same section, though in that of 1835 it is numbered 35 instead of 38, of art. 2, Crimes and Punishments. In *State* v. *Jennings*, (9 Mo. 852,) the indictment is nearly word for word like this, with the exception of the party's name. I mean the charging part is substantially the same.  This was considered good.  *Carrico* v. *The State*, (11 Mo. Rep. 579,) upon the same section.   In 19 Mo. Rep. 678, the case of *The State* v. *Jennings* is referred to, and the doctrine therein sanctioned.

So far as regards the objections urged against the indictment in the present case, I might have referred to these cases and rested our judgment thereon.   The indictment is substantially good.

In looking over the record, we find the court was warranted in giving the instructions on the part of the State from the evidence in the case.   The instruction given by the court, in lieu

of the defendant's 2d instruction, went as far for the defendant as the law warranted ; and there is no evidence to authorize the first instruction asked for by the defendant, consequently the court properly refused it.

Upon the whole record, we see no error committed to the prejudice or injury of the defendant. The law of the case was fairly laid down by the court, and we will not disturb its judgment. Let the judgment below be affirmed ; the other judges concurring.