THE STATE v. HAYS, *Appellant*.

1. **Felonious Assault.** An indictment which charges that defendant committed an assault upon another and pointed a loaded pistol at him, whereby his life was endangered, is good under section 33, page 450, of Wagner's Statutes, without an express allegation of intent to kill.

2. **Assault, in Supposed Defense of a Son.** It is no defense to an indictment for a felonious assault that the defendant was led to commit the assault by information, brought to him by others, that the person he assaulted was about to take the life of his son, when such was not the fact. It was his business, when he came upon the ground, to judge from what he saw whether the information was correct.

*Appeal from Benton Circuit Court.*—HON. WM. S. SHIRK, Judge.

*Lay & Belch* and *James H. Lay* for appellant.

*J. L. Smith*, Attorney-General, for the State.

NAPTON, J.—The first question in this case is the sufficiency of the indictment. It is based on the 33d section of the 2d article of the act concerning crimes and punishments. 1 Wag. Stat., p. 450. The indictment charges that the defendant, on, &c., at, &c., " did willfully and feloniously an assault commit in and upon the person of one Calvin Cook, in the peace of the State then and there being, and that he, the said defendant, a certain pistol, commonly called a revolver, the same being a deadly weapon, then and there in his right hand had and held, which said pistol was then and there loaded with gunpowder and divers leaden bullets, and did willfully and feloniously point at and upon him, the said Calvin Cook, whereby his life was endangered, and under circumstances which would have constituted murder or manslaughter if death had ensued," &c. Rejecting the last clause, " under circumstances," &c., as surplusage, we think the allegations of the assault with a loaded pistol, so as to endanger the life of the person assaulted, are sufficiently specific under the statute. If one's life is endangered by the act of another, which act is willful and apparently felonious, it is immaterial what the purpose of the assaulting party may be. To present a loaded pistol, cocked, to the breast of another, accompanied with such threats as were proved in this case, is an act which certainly endangers life, whether the purpose is to kill or wound or scare, and it is unnecessary to allege an intent to kill. *Jennings v. State*, 9 Mo. 852. The facts alleged show that if the pistol had exploded, and death had been the result, the case would have been murder or manslaughter.

On the trial it appeared that the party assaulted was marshal of the town of Warsaw, and that on the day when the assault occurred he had arrested a minor son of

the defendant for some offense, and that the boy was struggling to get away from him, when defendant came up with a revolver and demanded his son's release. When the marshal hesitated, the defendant cocked his revolver and held it to his breast and said, "Let him loose, or I'll shoot your God damned heart out," and the officer thereupon released him. The defendant offered to prove that when the marshal arrested his son he was at home, and that some one came to his home and told him that the marshal (whose name was Cook) and his son were fighting, and that Cook had a pistol and would probably kill his son. This testimony was rejected, and we think properly. It was no excuse for the defendant's violence that he had been misinformed in regard to the arrest or attempted arrest of his son. When he reached the scene of the struggle, his business was to judge from what he saw himself, and not from false statements by others. Cook, the marshal, had no weapon, and there was, in fact, no fight. The officer was merely holding the boy to prevent his escape. The proposed evidence was no excuse for the assault, and was properly excluded. The instructions asked by the defendant were all given, and the fine inflicted on defendant by the verdict of the jury was a very light punishment for the outrage he committed. Judgment affirmed.

AFFIRMED.