THE STATE v. VAN ZANT, *Appellant.*

1. . Indictment for Felonious Assault: SURPLUSAGE. An indictment under section 1264, Revised Statutes, in one count, charged that defendant " did assault, strike, stab, cut, maim, wound and disfigure " one P. *Held*, that there was no duplicity or repugnancy. All the acts charged might be the result of a single assault. If any of them were unnecessarily alleged, it was surplusage, but would not vitiate the indictment.

2. One's own Statements not Evidence, when. Statements made by a party previous to and at the time of a personal encounter, as to his physical condition, are not admissible in evidence in his behalf for the purpose of showing that he did not bring on the difficulty.

3. Diminution of the Record, How Corrected. When a diminution of the record is suggested and a *certiorari* issued, the entire record, as it exists in the court below, should be returned to this court. A certificate of the clerk of the court below that the record already sent up is imperfect or inaccurate in any designated particular will be of no effect.

4. **Skeleton Bill of Exceptions.** It is not essential that the bill of exceptions, as originally filed in the court below, shall contain the instructions; it is sufficient if they are therein called for in such manner as to enable the clerk to identify them when he comes to write out the bill at full length.

*Appeal from Webster Circuit Court.*—HON. R. W. FYANN, Judge.

AFFIRMED.

*John O'Day & Bro.* and *Jas. L. Rush* for appellant.

*J. L. Smith*, Attorney-General, for the State.

HOUGH, J.—The defendant was indicted under the 33d section of article 2, chapter 42, Wagner's Statutes, (R. S. § 1264,) for stabbing, cutting, maiming, wounding and disfiguring one Mansfield Trammel; was tried and found guilty and sentenced to two years' imprisonment in the penitentiary.

The indictment charges that the defendant "did then and there unlawfully, willfully and feloniously, with intent to kill, in and upon the body of one Mansfield Trammel, in the peace of the State then and there being, make an assault, and that the said T. J. Van Zant, with a certain knife, which said knife was then and there a dangerous and deadly weapon, likely to do great bodily harm and produce death, and which said knife, he, the said T. J. Van Zant, in his hand then and there had and held, then and there unlawfully, willfully and feloniously did assault, strike, stab, cut, maim, wound and disfigure, and do great bodily harm to him the said Mansfield Trammel; and so, the grand jurors aforesaid, empaneled, sworn and charged as aforesaid to inquire, within and for the body of the county of Webster and State of Missouri, upon their oaths aforesaid, do say, find and present, that the said T. J. Van Zant, him the said Mansfield Trammel in the manner and by the means afore-

1. INDICTMENT FOR FELONIOUS ASSAULT: surplusage.

said, unlawfully, willfully and feloniously did assault, strike, stab, cut, maim, wound and disfigure, with the intent, on the part of him the said T. J. Van Zant, him the said Mansfield Trammel to do great bodily harm and kill, contrary to the form of the statute," &c.

The defendant filed a motion to quash, on the ground that the indictment was bad for duplicity and repugnancy. This motion was properly overruled. While the phraseology of the indictment is not, perhaps, precisely such as would have been employed by an experienced and skillful pleader, yet it sufficiently charges the offense defined by the section of the statute referred to, and is not open to the objections urged against it in the motion to quash. It is clearly not bad for repugnancy, as all the acts charged may have been, and, as appears from the testimony, were the result of a single assault. This being so, it is plain that the indictment charges but a single offense. *State v. Fancher, ante*, p. 460. In *Jennings v. The State*, 9 Mo. 852, it was held that it is not necessary to state in the language of the statute that the act charged would have been murder, or manslaughter, if death had ensued, but that it is essential to aver the circumstances themselves, which, if death had ensued, would have made the offense murder, or manslaughter; and it was doubtless with a view to meet this requirement, that the several allegations as to the intent of the defendant and the character of the assault, were inserted. Some of these allegations may be regarded as surplusage, but they do not vitiate the indictment. *Carrico v. The State*, 11 Mo. 579; *State v. Magrath*, 19 Mo. 678; *State v. Bailey*, 21 Mo. 484; *State v. Bohannon*, 21 Mo. 490.

The court committed no error in rejecting the evidence offered by the defendant, of statements made by himself as to his physical condition previous to and at the time of the commission of the offense charged, with a view of showing that he did not bring on the difficulty. His physical condition was fully proven by the testimony of himself and other witnesses, and his

2. ONE'S OWN STATE-
MENTS NOT EVI-
DENCE, WHEN.

statements on that subject to various persons who were called as witnesses to prove them, were inadmissible in his own behalf. .

No objection is made in this court to the instructions under which the case was submitted to the jury. Nor do we think they are subject to any substantial objection. The conflicting theories of the State and the defendant, and the law arising upon the state of facts sought to be established by each, were fairly presented to the jury.

It is contended, however, that inasmuch as the clerk of the circuit court has certified, in answer to a writ of *certiorari* issued by this court, that the original bill of exceptions on file in his office, does 3. DIMINUTION OF THE RECORD, HOW CORRECTED. not contain the instructions given for the State and the defendant embodied in the transcript of this cause heretofore certified by him to this court, that, therefore, this court is to regard this cause as having been submitted to the jury without instructions, and reverse the judgment. A transcript filed in this court cannot, without the consent of parties, be amended by the certificate of . the clerk transmitting the same, that it is imperfect or inaccurate in any designated particular. When a diminution of the record is suggested and a *certiorari* issued, the entire record, as it exists in the court below, should be returned to this court.

We are of opinion, however, that the statement of the clerk, made in answer to the *certiorari* in this case, is in perfect harmony with the integrity of the 4. SKELETON BILL OF EXCEPTIONS. transcript before us. It is not essential that the bill of exceptions, when originally filed in the court below, should contain the instructions; it is sufficient if they are therein called for in such manner as certainly to identify them when the clerk comes to perform the duty imposed upon him by section 1030 of the Revised Statutes, of writing said bill out at full length. The original bill of exceptions doubtless calls for the instructions embodied by the clerk in the transcript before us; but if it does not,

it is the fault of the defendant that he has not made that fact definitely appear. The judgment of the circuit court will be affirmed. All concur.