THE STATE v. MUNSON, *Appellant.*

1. **Felonious Wounding.** In a prosecution under section 1264, Revised Statutes 1879, for a felonious wounding, it is not error to instruct the jury that if they believe defendant did *unlawfully* assault and shoot his victim and thereby inflict great bodily harm, they should find defendant guilty. It is not necessary to define the term " unlawfully."

2. **Evidence.** An instruction that " all the evidence produced and admitted in the cause is legal evidence, and whether it is credible or worthy of credit is a matter for the jury to determine from all the facts and circumstances in proof," is clearly not a comment on the evidence.

*Appeal from Nodaway Circuit Court.*—HON. H. S. KELLEY, Judge.

AFFIRMED.

*T. H. Parrish* for appellant.

*D. H. McIntyre,* Attorney General, and *W. W. Ramsey,* Prosecuting Attorney, for the State.

RAY, J.—The indictment in this case was a joint indictment against the defendant and one Carson, and contained two counts. The first count was framed under section 1262 of the Revised Statutes, charging a felonious assault with intent to kill, and the second count was framed under section 1264, and charged a felonious wounding, etc., of one William T. Lemons, by shooting with a pistol,

etc.   A severance was had and the defendant put upon trial and convicted under the second count of said indictment, and sentenced to imprisonment in the penitentiary for three years.   The indictment was found and trial had in the circuit court of Nodaway county.

The second count under which defendant was convicted, is as follows, to-wit:   "And the jurors aforesaid, upon their oaths aforesaid, do further present, that James Munson, on the 23rd day of July, 1880, at the county of Nodaway, and State of Missouri, in and upon the body of one William T. Lemons, then and there being, willfully and feloniously, with a deadly weapon likely to produce death and great bodily harm, to-wit: a revolving pistol loaded with gunpowder and leaden bullets, which he, the said James Munson, then and there in his right hand had and held, did then and there make an assault, and did then and there willfully and feloniously, with the revolving pistol aforesaid, shoot him, the said William T. Lemons, whereby he, the said William T. Lemons, was then and there maimed, wounded, received great bodily harm, and his life was endangered.   And the jurors aforesaid, upon their oaths aforesaid, do further present, that Frank Carson, then and there, feloniously and willfully, was present, aiding and abetting and assisting the said James Munson the felony aforesaid to do and commit, against the peace and dignity of the State."

On the trial, from the State's evidence it appeared that there was a dance at the house of said Lemons, on the night that he was shot and wounded, where a number of parties had gathered for that purpose; that among others, the defendant and one Bramble came to the dance, and in conformity with the rules of the dance, purchased two "numbers" authorizing them to participate in the dance; that after they had joined in the dance for a while, they proposed to leave and turned over their said "numbers" to one Hodeck and Carson, who had just arrived; that said Hodeck and Carson offered to dance on the numbers

so turned over by said Munson, the defendant, when Lemons, who was the proprietor of the house and manager of the dance, objected to their right so to do, and insisted that they should purchase numbers of their own, in accordance with the rules of the dance; that some controversy arose between Lemons and Hodeck about his right so to dance, when angry words ensued, blows were exchanged and the parties clinched in a vigorous fight; that at this point, as appeared by some three or four witnesses for the State, the defendant Munson, who was standing near by, drew a revolver and reached it around Hodeck, and discharged a bullet into the body of Lemons, inflicting a painful and dangerous wound—when the combatants in their struggles, moved near the door, at which point the defendant shot Lemons a second time, the ball taking effect in his left knee; that the struggling parties passed out of the door, when Lemons received a third shot from a pistol, in his left groin, which caused him to fall to the ground, with Hodeck on top of him. The parties were then separated, and Lemons picked up, and carried in the house and laid on the bed.

It also appeared, while the fight was in progress, that one Hibbard struck the defendant on the face and head with a pistol or something else, inflicting a severe cut or bruise; that during the melee, other parties got into scuffles, and other pistols were heard to fire in the room, but it did not appear who shot them. The defendant, on his part, offered evidence tending to show that he had no pistol, was unarmed, and did not do the shooting. There was much conflict and contradictory statements of witnesses about the fight, as to what occurred, and how the thing took place; but no one undertook to state or point out any other person who fired the shots in the room that struck Lemons. There was some evidence tending to show that the shot received by Lemons, after the parties got out of doors, was fired by some person other than defendant, but it did not appear by whom.

It was in evidence also that the two pistol wounds, received by Lemons while in the room, were both painful and dangerous wounds, causing much and prolonged suffering, and from which Lemons had not entirely recovered at the time of the trial.

After the close of the testimony, instructions were given by the court, for the State, and on the part of the defendant. The only errors complained of here, are, first, the giving of the fifth instruction for the State, which reads as follows, to-wit:

"If the jury believe from the evidence that at the time and place stated in the indictment, the defendant, himself, or acting in concert and connection with any other person, did unlawfully assault and shoot William T. Lemons, with a revolving pistol, and thereby inflict great bodily harm on said Lemons, the jury should find the defendant, James Munson, guilty on the second count of the indictment, and assess his punishment at imprisonment in the penitentiary not less than two nor more than five years, or at imprisonment in the county jail, not less than six months, or at both a fine of not less than $100 and not less than three months in the county jail, or at a fine of not less than $100."

And secondly, the modification by the court of the first and third instructions asked by the defendant; which instructions, with the modifications complained of, are as follows, the modification in question in each case, being at the end of each instruction, and inclosed in brackets:

1. The law clothes the defendant with the presumption of innocence, which attends and protects him until it is overcome by testimony which proves him guilty beyond a reasonable doubt. It is not sufficient in a criminal case, to justify a verdict of guilty, that there may be strong suspicions, or even strong probability, of guilt, but the law requires proof by legal and credible evidence of such a nature as to remove every reasonable doubt from the minds of the jury. If, therefore, from all the facts and circum-

stances in proof, the jury have a reasonable doubt of defendant's guilt, they will acquit him, but such a doubt must be a real, substantial doubt, and not a mere possibility of his innocence. (All the evidence produced and admitted in the case is legal evidence ; whether it is credible, or worthy of credit, is a matter for the jury to determine, from all the facts and circumstances in proof in the case.)

3. If the jury can account for the shooting of Lemons, from all the circumstances and evidence in proof, upon any other reasonable hypothesis, than that Munson did it, they should acquit the defendant. (Unless you believe, beyond a reasonable doubt, that Munson shot Lemons, you must acquit the defendant.)

It is claimed for defendant, that the fifth instruction for the State, above set out, was erroneous and calculated to mislead the jury ; that it was error to tell the jury that if defendant unlawfully assaulted and shot said Lemons, etc., he was guilty, etc., without telling them what an unlawful shooting was; that as the offense in this case must have consisted in the willful and intentional shooting of Lemons, with a pistol, (in the absence of circumstances which would have justified him in law, in so doing,) the court should have so instructed the jury, and not left them to determine what an unlawful assault and shooting was. It was also insisted for defendant, that the modification of defendant's first instruction, was a comment upon the evidence, and, therefore, erroneous; and that the modification of his third instruction tended to confuse the minds of the jury, by its duplicity, as a reasonable doubt is no where defined by the instruction.

On the first point—the propriety of similar instructions in cases like this, under this same statute, has heretofore been repeatedly passed upon, and expressly approved by this court. *Jennings v. State*, 9 Mo. 852 ; *Carrico v. State*, 11 Mo. 579 ; *State v. Baily*, 21 Mo. 484. The principles involved in the rulings in these cases must, therefore, be accepted as decisive of

1. FELONIOUS WOUNDING.

this case, as to the propriety of the fifth instruction for the State. The later cases of the *State v. Moore*, 65 Mo. 606; *State v. Brown*, 60 Mo. 141, and *State v. Hays*, 67 Mo. 693, also tend to support the same view. The cases cited and relied on by defendant's counsel do not, as we view them, in any manner contravene the law applicable to an offense under this statute, as laid down by this court in the cases cited above.

The objection to the modification of defendant's first instruction, manifestly is not well taken. It simply told 2. EVIDENCE. the jury that " all the evidence produced and admitted in the cause is legal evidence; and whether it is credible or worthy of credit is a matter for the jury to determine from all the facts and circumstances in proof in the cause." This clearly is not a comment on the evidence within the rulings of this court on that point.

There is nothing, we think, in the alleged modification of defendant's third instruction which should work a reversal of this case. We are unable to see how it tended in any manner, to confuse the minds of the jury, by its alleged duplicity or otherwise. It simply told the jury that, " unless they believed, beyond a reasonable doubt, that Munson shot Lemons, they must acquit defendant." What there is in this to confuse their minds is not apparent. The instruction itself, in a case like this, is at least questionable. In cases depending solely upon circumstantial evidence, such an instruction is usual and allowable, but that is not this case. Here the testimony in the main, on all the material points, is positive and direct, by eye witnesses of the transaction in question.

As no error appears in the record, the judgment of the circuit court is affirmed. All the judges concur.