| 95 | 167 |
|-----|-----|
| 107 | 40 |
| 95 | 167 |
| 164 | 537 |

THE STATE v. HAVENS, *Appellant.*

1. **Criminal Law**: FELONIOUS ASSAULT: INDICTMENT. An indictment for felonious assault which charges that defendant " feloniously assaulted and wounded one J. R. with a large and heavy stone, a deadly weapon likely to produce death and great bodily harm, and him the said J. R. did then and there strike, beat, wound, and ill-treat, with great force, which was likely to produce death," is sufficient under Revised Statutes, section 1264.

2.  **Practice:** EXCEPTIONS TO EVIDENCE. Where no exceptions are
saved to the rulings of the trial court in admitting or rejecting
evidence, its action, in that respect, will not be reviewed in the
appellate court.

*Appeal from Jasper Circuit Court.*—Hon. M. G.
McGregor, Judge.

Affirmed.

T. B. Haughawout for appellant.

B. G. Boone, Attorney General, for the state.

(1) The indictment properly charges a felonious
assault under section 1263, Revised Statutes. (2) No
exceptions were saved at the time to the ruling of the
trial court on the testimony, and it will not be reviewed
here. *State v. Burke,* 89 Mo. 635; *State v. McDonald,*
85 Mo. 539. (3) The instructions given properly declared
the law applicable to the case under the evidence.
Instructions asked by the defendant were, therefore,
properly refused.

Norton, C. J.—The defendant was indicted at the
September term, 1887, of the Jasper county circuit
court, under Revised Statutes, section 1264, for a
felonious assault on one Jasper Reed. After making
an unsuccessful motion to quash the indictment, he
pleaded not guilty, and being put upon his trial was
convicted, and his punishment assessed at three years
imprisonment in the penitentiary.

The indictment "charges that defendant feloniously
assaulted and wounded one Jasper Reed with a large
and heavy stone, a deadly weapon likely to produce
death and great bodily harm and death, and him,
the said Jasper Reed, did then and there strike,
beat, wound, and ill-treat with great force, which

was likely to produce death, against the peace and dignity of the state." The indictment and the motion to quash was properly overruled on the authority of the following cases : *State v. Brown,* 60 Mo. 141 ; *State v. Moore,* 65 Mo. 606 ; *State v. Hays,* 67 Mo. 692.

No exceptions were saved to the rulings of the court in the admission or rejection of evidence, and its action in that respect for that reason is not subject to review here. *State v. McDonald,* 85 Mo. 539 ; *State v. Burk,* 89 Mo. 635.

Exception was taken to the action of the court in giving and refusing instructions, but no attempt has been made to show wherein the instructions given are erroneous, and upon an examination of them we find no error in them. They were fair to defendant, and are strictly confined to the crime alleged, and the evidence adduced in support of and against it. Instructions numbered two, three, and four, asked by the defendant and refused, were fully covered by those given by the court on its own motion, and instruction number one was properly refused because it did not state the law applicable to the case.

Judgment affirmed, in which all concur, except Ray, J., absent.