THE STATE v. VAUGHN, Appellant.

### Division Two, November 12, 1901.

**Felonious Assault:** SUFFICIENCY OF EVIDENCE. Defendant visited the house of Armstrong while he was sick in bed, and engaged in a wordy quarrel with his wife, and was by her ordered to leave the premises, and did not leave until she started to get a gun. A few days later he went to Armstrong's place of work, and loitered about till he appeared, 'and then began to talk about the difficulty at the house, and said Armstrong's wife had called him a vile name which no one could do and live. Armstrong started away, but defendant followed him and kept up the quarrel with a knife in his hand, and threatened to get even both with him and his wife, and when Armstrong saw defendant aiming to stab him he picked up a brick, and as defendant started at him threw the brick, but missed him. Thereupon defendant closed in 'and stabbed him six or seven times, and when Armstrong got loose and ran he followed and stabbed him as he ran, until Armstrong stopped and caught his hands and held them till assistance came. Both ears had been cut, and several long gashes were made on the head, and one missed the jugular vein only a quarter of an inch. *Held*, that the evidence was ample to sustain 'a charge of felonious assault.

Appeal from the Buchanan Criminal Court.—*Hon. B. J. Casteel*, Judge.

AFFIRMED.

*Duncan & Utz* for appellant.

The evidence does not support the verdict, and all shows that the prosecuting witness made the assault on defendant when he was leaving the premises, and threw a brick and rock at him before he assaulted prosecuting witness.

*Edward C. Crow,* Attorney-General, for the State.

The usual contention is in this case that the verdict is against the weight of the evidence. It is unnecessary to cite authorities upon the proposition that if there is no evidence of bias, passion or prejudice upon the part of the jury this court will not disturb the verdict of the jury where there is evidence that will support it:

GANTT, J.—At the March term, 1901, of the criminal court of Buchanan county, the defendant was indicted for a felonious assault on Henderson Armstrong, whereby said Armstrong was maimed, wounded and disfigured and received great bodily harm.

Defendant was duly arraigned, a plea of not guilty entered, and on a trial before a jury he was convicted and sentenced to the penitentiary on the fourth day of May, 1901, from which sentence he appeals to this court.

I. The indictment was drawn to charge an offense under section 1849, Revised Statutes 1899, and is sufficient for that purpose. [State v. Munson, 76 Mo. 109; State v. Havens, 95 Mo. 167; State v. Freeman, 21 Mo. 481.]

II. The evidence tends to show that the prosecuting witness, Henderson Armstrong, resided in the city of St. Joseph, and the defendant in the country. On Sunday of the week in which the assault was made, defendant went to the home of the prosecuting witness, who was confined to his bed by sickness at the time. The defendant got into a wordy altercation with the

wife of Armstrong, and she ordered him off of the premises, and when he refused to go, she started to get a gun, which was in the next room, whereupon defendant concluded to leave.

The prosecuting witness was employed as a teamster for the firm of Brady & Wyatt, who had a wood and coal yard. On the day of the assault, Armstrong had driven into the yard about noon, and defendant had also come there with another teamster, reaching there before Armstrong did. He loitered around until Armstrong had put up his team and then approached him and began to talk about the difficulty of the previous Sunday, and said Armstrong's wife had called him a black s——n of a b——h, and no one could call him that and live.

The prosecuting witness testified that as he started out of the gate, defendant followed along and kept up the quarrel with a knife in his hand; defendant threatened to get even with both Armstrong and his wife, and seeing defendant was aiming to stab him the witness picked up a brick bat and defendant started at him with the knife and he threw the brick bat, but missed defendant, and thereupon defendant closed in, and stabbed witness six or seven times. Armstrong got loose but defendant followed, cutting him as he ran. Armstrong finally stopped and caught defendant's hands, and held him so he could not cut him until Mr. Brady and others separated them and took the knife away from defendant.

The physician testified that both of Armstrong's ears were cut, several gashes three to four inches long in his head and one missed the jugular vein only a quarter of an inch.

Defendant testified that Armstrong was the aggressor, and he cut him because he threw the brick and a rock at him.

The court's instructions were full and are without objection. There was ample evidence to sustain the verdict, if believed (as it was) by the jury. The record discloses that while the defendant was without counsel in the beginning he

was represented by two firms before the cause was finished in the criminal court. Two motions for new trial were filed, neither of which was filed in time so far as the record shows. The first was *filed* April 1, 1901, but was "dated March 28, 1901." Exactly what virtue there was in ante-dating it we have been unable to divine. The trial court, however, does not seem to have overruled them on the ground that they were not filed in time. We have read the entire record, and it is exceptionally free of error. It discloses that the prosecuting witness was badly disfigured and that had the knife of defendant penetrated one quarter of an inch deeper this prosecution would have been for murder instead of a felonious assault. The punishment is not at all severe. The judgment is affirmed. All concur.